UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| AMY J.,[1] <br>         *Plaintiff*, <br> v. <br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security,[2] <br>         *Defendant*. | CASE NO. 3:20-cv-67 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

  This matter comes before the Court on Plaintiff Amy J.'s objections to Magistrate Judge Hoppe's Report & Recommendation (R&R) on Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434.

  After a final adverse decision from the Commissioner, Plaintiff filed the present appeal and the Court referred the matter to Judge Hoppe for an R&R. (Dkt. 13). After Plaintiff filed her merits brief, the Commissioner decided that remand was warranted in Plaintiff's case and filed a motion to remand. (Dkt. 17). The parties, however, disagreed on whether the Court should remand for further factual findings or whether the record is sufficiently developed such that the Court should enter its own court order for benefits without remanding to the Commissioner. (*See* Dkt. 18, Dkt. 19).

  In the R&R, Judge Hoppe recommended that the Court remand the case because the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts refer to claimants only by their first names and last initials.

[2] Acting Commissioner Kijakazi is hereby substituted as the named defendant in this action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

record was not sufficiently developed such that it would be appropriate for the Court to enter an order for benefits. (Dkt. 20).

Plaintiff's sole objection to the R&R is its conclusion as to the remedy which should be afforded: remand for further administrative proceedings. (Dkt. 21).

Indeed, the fourth sentence of 42 U.S.C. § 405(g) authorizes federal courts to enter "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Although the district courts are authorized to reverse without remand and enter an order for benefits, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 3013) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). The district court may only reverse without remand if the record is sufficiently developed that no additional investigation or explanation is necessary. *See id.* Even where the record is sufficiently developed, however, the district court must still remand where the "record does not contain substantial evidence to support a decision denying [benefits] under the correct legal standard." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). The district court has the discretion to choose the appropriate remedy. *Id.*; *see also McKinney v. Colvin*, 111 F. Supp. 3d 663, 666 (E.D.N.C. 2015).

Here, remand is appropriate because the ALJ's failure to logically explain why she rejected Plaintiff's claim, so the Court "cannot gauge the propriety of the ALJ's RFC assessment" or determine "that substantial evidence supports the ALJ's denial of benefits." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662 (4th Cir. 2017). Although the record might be "fully developed" in the sense that it contains sufficient evidence for the ALJ to perform the required "function-by-function analysis and make and make an informed decision"

about the nature and severity of Plaintiff's alleged disability (*see Crank v. Saul*, 2021 WL 955913, at *8–9 (S.D. W.Va. 2021)), the record is *not* sufficiently developed such that the Court can enter an order for benefits, because the record "does not contain substantial evidence to support a decision denying [benefits]." *Breeden*, 493 F.2d at 1012. In other words, even though the factual evidence is uncontested, it is not uncontested that Plaintiff is entitled to benefits due to that evidence, and the ALJ—not the district court—is the appropriate decisionmaker for that judgment. *Radford*, 734 F.3d at 295.

Plaintiff's objection notes that the R&R only specifically identified one dispute in the record: Plaintiff's disagreement with the agency physician about whether she can perform light work. (Dkt. 22 at 2). But the problem with the ALJ's decision was not just that the ALJ did not resolve one particular dispute, but that the ALJ did not sufficiently explain her decision-making in general. It is the role of the ALJ to "[h]armon[ize] conflicting evidence and bolster[] inconclusive findings require[ing] credibility determinations that [the court] cannot make." *Patterson*, 846 F.3d at 662. In other words, "the ALJ's lack of explanation requires remand." *Id.* at 663.

## CONCLUSION

For the reasons stated, the Court

- ADOPTS the R&R, Dkt. 20
- OVERRULES Plaintiff's objections to the R&R, Dkt. 21;
- GRANTS the Commissioner's motion to remand, Dkt. 17;
- DENIES as moot Plaintiff's motion for summary judgment, Dkt. 13;
- REVERSES the Commissioner's final decision;
- and REMANDS the matter for rehearing under 42 U.S.C. § 405(g).

The Court further DIRECTS the Clerk of the Court to DISMISS this case from the Court's active docket and to send a copy of this order to all counsel of record.

It is so ORDERED.

Entered this 29th day of March 2022.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE